*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1324**

Timothy John Bozikowski, petitioner,
Appellant,

vs.

Commissioner of Public Safety,
Respondent.

**Filed February 2, 2015
Affirmed
Rodenberg, Judge**

Carver County District Court
File No. 10-CV-14-73

Richard L. Swanson, Chaska, Minnesota (for appellant)

Lori Swanson, Attorney General, Rachel E. Bell, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Kirk, Presiding Judge; Rodenberg, Judge; and Hooten, Judge.

## U N P U B L I S H E D   O P I N I O N

**RODENBERG**, Judge

Appellant Timothy Bozikowski challenges the district court's denial of his petition to rescind the revocation of his driver's license. Because the district court's findings are supported by the record, and it properly applied the law to those findings, we affirm.

**FACTS**

In the early morning of December 22, 2013, Corporal Joshua Baker of the Carver County Sheriff's Office was on duty in Victoria. As he was traveling behind appellant's vehicle on Highway 5, he observed the vehicle cross the highway's centerline twice. Corporal Baker activated his vehicle's emergency lights and appellant stopped his vehicle. Corporal Baker approached the car and informed appellant that he stopped him because appellant crossed the centerline. Appellant disputes Corporal Baker's claim that appellant acknowledged that he had crossed the centerline.

Appellant was arrested for driving while impaired, and his driver's license was revoked pursuant to Minnesota's implied-consent law. Appellant petitioned the district court for judicial review of the revocation of his driver's license. The sole issue at the hearing was whether the stop was justified.

Corporal Baker and appellant testified and appellant submitted a squad video of the stop as evidence. The district court found as a fact that Officer Baker observed appellant's vehicle cross the centerline of Highway 5 twice and that appellant stated, "I know that I did it, and I am sorry, and I realize it." Based on these findings, the district court concluded that Corporal Baker had a reasonable, articulable suspicion to stop appellant's vehicle for a violation of Minn. Stat. § 169.18, subd. 9 (2012). This appeal followed.

**D E C I S I O N**

Appellant challenges the district court's findings of fact and its conclusion that the stop was constitutionally permissible. Appellant argues that Corporal Baker never

2

observed appellant crossing the centerline of Highway 5 but instead stopped appellant because he saw appellant's car parked at a local bar in Victoria.

We will not disturb a district court's findings of fact unless they are clearly erroneous. *Jasper v. Comm'r of Pub. Safety*, 642 N.W.2d 435, 440 (Minn. 2002). We defer to the district court's credibility determinations. *Sefkow v. Sefkow*, 427 N.W.2d 203, 210 (Minn. 1988). "To conclude that findings of fact are clearly erroneous we must be left with the definite and firm conviction that a mistake has been made." *Rasmussen v. Two Harbors Fish Co.*, 832 N.W.2d 790, 797 (Minn. 2013) (quotation omitted). "We review a district court's determination regarding the legality of an investigatory traffic stop and questions of reasonable suspicion de novo." *Wilkes v. Comm'r of Pub. Safety*, 777 N.W.2d 239, 242-43 (Minn. App. 2010).

The evidence of record supports the district court's factual finding that Corporal Baker observed appellant's vehicle cross the highway's centerline. Corporal Baker testified that he observed appellant's vehicle twice cross the centerline as he followed appellant. Corporal Baker also testified that appellant confirmed that he crossed the centerline. The squad video supports Corporal Baker's testimony. Appellant testified that he "indicated that I had not crossed the centerline, I may have touched it but that may have been only when I was looking in my rearview at the flashing lights." Appellant also testified that he had "[a]bsolutely not" told Corporal Baker that knew he crossed the centerline. We defer to the district court's credibility determinations, and the record supports the district court's findings.

We next consider whether the district court's findings are legally sufficient to support the district court's conclusion that the stop was justified. A police officer must have "a specific and articulable suspicion of a violation" of law before stopping a vehicle. *Marben v. State, Dep't of Pub Safety*, 294 N.W.2d 697, 699 (Minn. 1980). This standard requires only that the stop not be "the product of mere whim, caprice, or idle curiosity." *State v. Johnson*, 257 N.W.2d 308, 309 (Minn. 1977) (quoting *Terry v. Ohio*, 392 U.S. 1, 21, 88 S. Ct. 1868, 1880 (1968)). Here, the district court found that Corporal Baker observed appellant crossing the centerline of the highway, a violation of Minn. Stat. § 169.18, subd. 9. This was sufficient to demonstrate a reasonable, articulable suspicion to stop appellant's vehicle.

The district court did not clearly err in finding that appellant crossed the highway's centerline or in concluding that Corporal Baker was justified in stopping appellant's vehicle.

**Affirmed.**